# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES T. BRADSHAW JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-968-G |
| | ) |
| **CARRIE BRIDGES, Warden,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

On September 18, 2024, Petitioner James T. Bradshaw Jr., a state inmate appearing pro se, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings.

Respondent, Warden Carrie Bridges, filed a Motion to Dismiss (Doc. No. 9) representing that Petitioner had been released from detention. Judge Erwin then directed Petitioner to show cause why this action should not be dismissed as moot. *See* Order to Show Cause (Doc. No. 10).[1] Petitioner did not respond.

On March 4, 2025, Judge Erwin issued a Report and Recommendation (Doc. No. 12), in which he recommended that the Motion to Dismiss be granted. Judge Erwin concluded that Petitioner's habeas claims are moot due to Petitioner no longer being "'in

---

[1] The Order to Show Cause was mailed to Petitioner at both the address on file with the Court—a state correctional facility—and a residential address on file with Respondent. The mailing to the correctional facility was returned as undeliverable with the notation "On Probation." *See* Doc. No. 11.

custody'" and the lack of any showing of "collateral consequences of the conviction adequate to meet Article III's injury-in-fact requirement." *Id.* at 4-6 (quoting 28 U.S.C. § 2241(c)(3)); *Lucero v. McKune*, 340 F. App'x 442, 443 (10th Cir. 2009) (alteration and internal quotation marks omitted).

In the Report and Recommendation, Judge Erwin advised the parties of their right to object to the Report and Recommendation by March 21, 2025. Judge Erwin also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.

As of this date, no party has submitted an objection to the Report and Recommendation or sought leave for additional time to do so.[2]

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 12) is ADOPTED in its entirety. The Motion to Dismiss (Doc. No. 9) is GRANTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice. A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching

---

[2] The Report and Recommendation was mailed to Petitioner at the address on file with the Court and returned as undeliverable. *See* Doc. No. 13.

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 9th day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge